IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Justin Schimandle,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DeKalb County Sheriff's Office, and Josh Duehning,<br><br>　　　　Defendants. | Case No. 3:21-cv-50477<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

On February 24, 2022, Plaintiff filed a First-Amended Complaint, containing four counts. Dkt. 25. The first count alleges a claim labeled "False Arrest Via the Fourth and Fourteenth Amendments." Dkt. 25, at 12–13. The second count is a supplemental state-law claim for malicious prosecution. Dkt. 25, at 13. Count III is for respondeat superior, and similarly, Count IV is for indemnification. Dkt. 25, at 13-14.

On March 4, 2022, Defendants filed a motion to dismiss the First-Amended Complaint under Rule 12(b)(6). Dkt. 26. Unsurprisingly, the main focus of Defendants' argument was the federal claim in Count I. Initially, the Court believes that any claim based on the Fourteenth Amendment's due process clause is a non-starter. Among other problems with such a claim, Plaintiff was acquitted. Having analyzed the briefing, the Court gets the sense that everybody agrees, and that Plaintiff's claim is really focused on a Fourth Amendment false arrest.

1

As to the false arrest under the Fourth Amendment, among other things, Defendants argue that this claim fails because Plaintiff was not detained without legal process. Dkt. 26, at 7. To remove the double negative, Plaintiff was arrested with legal process because an arrest warrant was issued. *Id*. Understandably, Defendant relies on *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2015). The Court says "understandably" because this decision eviscerates Plaintiff's Fourth Amendment false arrest claim. Unfortunately, Plaintiff's brief in opposition never confronts this aspect of the *Bianchi* decision. Dkt. 30. Plaintiff just ignores the argument, although he addresses other aspects of the *Bianchi* decision. Dkt. 30, at 8. In reply, Defendants understandably highlight Plaintiff's utter failure to address what appears to be a dispositive argument as to the main claim. Dkt. 35, at 7. As Defendants note, "Plaintiff does not even address this holding of *Bianchi* in his Response or attempt to explain why the *binding precedent* would not apply in this case." *Id*. (emphasis added). At this point, it would seem Defendants have checkmated Plaintiff. Game over.

But there's a problem. In the short time that *Bianchi* has existed, it appears to this Court to be no longer good law. Supreme Court precedent appears to have overtaken the validity of *Bianchi*. Notably, the Supreme Court's decision in *Manuel v. City of Joliet*, 137 S. Ct. 911, 917–18 (2017) appears to have completely gutted the entire rationale of *Bianchi*. And to some extent at least one other subsequent Seventh Circuit case indicates that the rationale of *Bianchi* is no longer good law. *See Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019) (noting that the

2

"Supreme Court superseded this circuit precedent in *Manuel I*" but not explicitly overruling *Bianchi* itself).

Nowhere, however, does the Seventh Circuit explicitly announce that *Bianchi* has been overruled by *Manuel I*. So, the Court finds itself in a dilemma. Again, Defendants have raised a seemingly dispositive argument based upon a case that has not been explicitly overruled. And Plaintiff has failed to address this argument. Of course, failing to address an argument usually results in waiver. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 485 n.30 (7th Cir. 2022); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

But the movant has the burden on a Rule 12(b)(6) motion, *Marcure v. Lynn*, 922 F.3d 625, 631 (7th Cir. 2021), and the failure of an opponent to respond does not automatically result in a Rule 12(b)(6) motion being granted, *see Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Further, even when both parties have agreed to an incorrect proposition of law, a court is not bound to follow such a proposition in contravention of the proper standard. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1477 n.1 (9th Cir. 1986); *Twohy v. First Nat'l Bank of Chicago*, 758 F.2d 1185, 1190 (7th Cir. 1985). This puts the Court in at least two conflicting dilemmas. First, a party cannot count on a court to pick out and argue correct legal principles on its own without the benefit of the adversarial process and

without allowing any opportunity for the affected party to be heard on the question. *McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010). Without briefing on an issue, courts run the risk of an improvident and ill-advised opinion, as courts rely on the adversarial process. *Hill v. Kemp*, 478 F.3d 1236, 1251 (10th Cir. 2007). Second, as Judge Chang has stated, "In a hierarchical judicial system, it is for the court of appeals, not a lower trial court, to overrule a prior holding of the appellate court." *Levin v. Madigan*, 41 F. Supp. 3d 701, 704 (N.D. Ill. 2014); *see also Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986). But if events after the last decision by the higher court approving a doctrine—especially later decisions by that court—make it almost certain that the higher court would repudiate the doctrine if given a chance to do so, the lower court is not required to adhere to the doctrine. *Olson*, 806 F.2d at 734.

The Court is firmly convinced that, after *Manuel I,* the holding of *Bianchi* is no longer good law. But this Court has been known to be wrong even when it was firmly convinced it was correct. Moreover, the Court has not had adversarial briefing. Critically, Defendants have not been given an opportunity to respond to the Court's firm conviction. So, what's the Court supposed to do?

In light of *Manuel I* and *Lewis*, the Court denies Defendants' motion to dismiss under Rule 12(b)(6). Defendants must answer the First-Amended Complaint. But after answering the First-Amended Complaint, Defendants should file a motion for judgment on the pleadings under Rule 12(c), if, after analyzing *Manuel I* and *Lewis*, they believe *Bianchi* is still viable. Indeed, if Defendants

4

believe other arguments—including qualified immunity—provide a basis for a Rule 12(c) motion, Defendants are free to raise those arguments, especially with the understanding that the denial of a Rule 12(c) motion based on qualified immunity is immediately appealable.

The Court fully understands that this all looks like it is asking for a motion to reconsider. It gets that. But under these very unusual circumstances, this seems like the best approach to address the issue and tee up a possible resolution by the Seventh Circuit after full briefing.

The motion to dismiss [26] is denied. Defendants are given until October 7, 2022, to answer the complaint and to file a Rule 12(c) motion.

Date: August 1, 2022

_____
Honorable Iain D. Johnston
United States District Judge