IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

JUSTIN SCHIMANDLE,

        Plaintiff,

    v.

DEKALB COUNTY SHERIFF'S
OFFICE, and JOSH DUEHNING,

        Defendants.

Case No. 3:21-cv-50477

Honorable Iain D. Johnston

**MEMORANDUM OPINION AND ORDER**

Plaintiff Justin Schimandle, a former Dean of Students at Kishwaukee Education Consortium, brings this action against the Dekalb County Sherriff's Office and one of its Detectives, Josh Duehning. Schimandle brings a claim under 42 U.S.C. § 1983, for false arrest in violation of his Fourth and Fourteenth Amendment rights, state law claims for malicious prosecution, and seeks to hold the Dekalb County Sheriff's Office liable for the actions of Detective Duehning through respondeat superior and indemnification. Before the Court is the Defendants' Rule 12(c) Motion for Judgment on the Pleadings. For the following reasons, the Defendants' motion is granted.

1

## I. BACKGROUND[1]

On September 26, 2019, Plaintiff Schimandle was Dean of Students at

Kishwaukee Education Consortium in Malta, Illinois when he received a report that

a minor student, C.G., was vaping in a school bathroom against school rules.

Schimandle went to investigate and found a vape pen in C.G.'s bag. Schimandle

spoke to C.G. about the vape and during their conversation, C.G. began acting

aggressively towards Schimandle.[2] According to Schimandle, he feared that C.G.

was going to hit him, so he "bear hugged" C.G. so that he could move C.G through a

set of doors and into the school foyer, and during the process the two fell to the

ground. Dkt. 25, FAC ¶ 16. Schimandle claims that he knew he could use

reasonable and necessary force in self-defense so he restrained C.G. for his safety

Id. ¶ 39.

Detective Duehning was assigned to investigate the incident between C.G. and

Schimandle. During his investigation, Det. Duehning viewed surveillance video of

the incident, a cell phone video, interviewed multiple witnesses, and Schimandle.

Det. Duehning's report noted that the witness statements were "consistent with

---

[1] The Court draws these allegations from the First Amended Complaint (Dkt. 25), and as supplemented by Schimandle's response to Defendants' motion for judgment on the pleadings (Dkt. 43). The Court has also considered the events as they were captured by video recordings. Both Schimandle and Defendants repeatedly referred to the video recordings in the pleadings and filings, but the recordings were not attached to those documents. Because both sides referred to the video recordings and, in fact, asserted that the allegations were consistent with the recordings, the Court ordered that the video recordings be provided. *Garin v. Menegazzo*, Case No. 21-cv-23582, 2022 U.S. Dist. LEXIS 94106, at *18-19 (S.D. Fla. May 24, 2022) (court can *sua sponte* consider undisputed video recordings in ruling on a Rule 12 motion). Consideration of video recordings referenced in the pleadings that are central to the claims can be considered on a Rule 12(c) motion to dismiss. *Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690-91 (7th Cir. 2012); *see also Brown v. City of Chicago*, 594 F. Supp. 3d 1021, 1028-30 (N.D. Ill. 2022) (collecting cases).
[2] This alleged aggressive movant is not captured on the video, but the video does capture Schimandle push or shove C.G. into a partition as C.G. attempts to flee Schimandle.

what the surveillance video depicts." FAC ¶¶ 19, 23, 25, 27. After Det. Duehning completed his investigation, he submitted four affidavits in support of an arrest warrant for Schimandle on three counts of battery in violation of Illinois law. Relying upon Det. Duehning's affidavits, a DeKalb County judge issued an arrest warrant for the battery charges. FAC ¶ 40.

Schimandle turned himself in to the DeKalb County Sherriff's Office and was handcuffed and detained. Id. ¶ 41. Shortly after his arrest, Schimandle was placed on administrative leave and was terminated in May of 2021, "because of the arrest and charges." FAC ¶ 42. After a bench trial in state court, Schimandle was found not guilty on all counts. FAC ¶ 44.

Schimandle now brings a claim under § 1983 against Detective Duehning for false arrest (Count I) and under Illinois state law, a claim for malicious prosecution (Count II). Schimandle also brings claims against the DeKalb County Sheriff's Office for respondeat superior (Count III) and indemnification (Count IV).

The Court previously denied the Defendants' Rule 12(b)(6) motion to dismiss [38]. In that order, the Court noted that in light of the Supreme Court's ruling in *Manuel v. City of Joliet*, 137 S. Ct. 911, 917–18 (2017), the Seventh Circuit's holding that an arrest pursuant to formal legal process is not a violation of the Fourth Amendment, *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2015), may no longer be good law. The Court invited the Defendants to analyze the dissonance between *Manuel* and *Bianchi*, and if the Defendants believed *Bianchi* was still viable, they should file a motion for judgment on the pleadings under Rule 12(c).

3

The Defendants accepted the Court's invitation and filed this motion for judgment on the pleadings. In the motion, among other things, Defendants asserted that based on the pleadings—including the referenced video recordings—probable cause existed for the arrest, so Schimandle has no claims. Defendants also argued that Det. Duehning was entitled to qualified immunity. The Court agrees with Defendants.[3]

## II. LEGAL STANDARD

A motion for judgment under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

Under Rule 8, the plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff's factual allegations—as opposed to any legal conclusions—must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all of the plaintiff's well-pleaded factual allegations and views them—and all reasonable inferences—in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 587 (7th Cir. 2009). A

---

[3] To the extent the Court caused unnecessary delay and expense in violation of Rule 1, the Court apologizes. Fed. R. Civ. P. 1.

plaintiff must show through his allegations that it is plausible rather than merely speculative that he entitled to relief. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

III. **ANALYSIS**

a. **§ 1983 Claim – False Arrest**

Schimandle claims that he was falsely arrested in violation of his Fourth Amendment rights because Detective Duehning knowingly caused him to be arrested and charged without probable cause. Schimandle argues that there was no probable cause to support an arrest warrant because Det. Duehning "submitted an affidavit containing false statements and material omissions," and he should have known that Schimandle had statutory authority under § 105 ILCS 5/24-24 of the Illinois School Code to defend himself and restrain C.G. Dkt. 43, Response to MJP at 10. To be precise, Schimandle alleges that the false statements, material omissions and/or "fabrication" were that Det. Duehning found probable cause existed despite Schimandle's assertion that his actions were legally justified under Illinois law.

Det. Duehning argues that Schimandle has not pled any claims that Det. Duehning fabricated evidence or falsified the affidavits to the judge that issued the arrest warrant. Dkt. 45, D's Reply in Support at 3. Det. Duehning also argues that

Schimandle's own admissions and allegations conclusively establish the probable cause necessary to charge him with battery. Id. at 5.

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017). A claim for false arrest is based on detention without legal process. *Bianchi v. McQueen*, 818 F.3d 309, 321 (7th Cir. 2016). Claims for unlawful detention all fall under the Fourth Amendment. *Crowder v. Barrett*, 2023 U.S. App. LEXIS 10461 at *9 (7th Cir. Apr. 28, 2023) (citing *Manuel*, 580 U.S. 357; *Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019)).[4] To prevail on a claim of false arrest, a plaintiff must plausibly allege that there was no probable cause for his arrest. *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). A claim for false arrest can occur when "a judge's probable-cause determination is predicated solely on a police officer's false statements." *Manuel*, 580 U.S. at 367. Probable cause only "requires that there is a probability or substantial chance that criminal activity exists; it does not require that the existence of criminal activity is more likely true than not true." *Thayer*, 705 F.3d at 246. There is no requirement for probable cause to be evidence sufficient to support a conviction. *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000). The Seventh Circuit has consistently held that a report from even a single, credible eyewitness can provide the basis for probable cause. *Id.* The

---

[4] The Supreme Court's ruling in *Manuel*, 580 U.S. 357, appears to overrule the Seventh Circuit's decision in *Bianchi*, 818 F.3d 309, that a false arrest claim does not implicate the Fourth Amendment. But the Seventh Circuit has not explicitly stated that *Bianchi* has been overruled, and a district court cannot overrule circuit precedent. The Court, however, will proceed under the line of cases that follow *Bianchi*; *Manuel*, 580 U.S. 357 and *Lewis*, 914 F.3d 472.

existence of probable cause depends "on the elements of the predicate criminal offense(s) as defined by state law." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 715 (7th Cir. 2013). Here, Schimandle was arrested for battery. In Illinois, a battery occurs when a person "knowingly without any legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a).

Schimandle claims that there was no probable cause to support his arrest, and that even if there were, his "statutory justification vitiates probable cause." Response to MJP at 9. The Defendants do not dispute that the Illinois School Code permits Schimandle to use reasonable force for the purpose of self-defense but "[p]olice are entitled to leave to the criminal process the full examination of potential defenses," *Phillips v. Allen*, 668 F.3d 912, 914 (7th Cir. 2012), and "[a] person's ability to explain away seemingly damning facts does not negate the existence of probable cause, even though it might provide a good defense should the case go to trial." *Deng v. Sears, Roebuck & Co.*, 552 F.3d 574, 575 (7th Cir. 2009). Defendants also correctly note that legal justification is an affirmative defense for a battery charge. *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009).

The allegations taken in the light most favorable to Schimandle as well as the video recordings, overwhelming establish the existence of probable cause. Indeed, Schimandle alleges that the two videos of the incident capture the incident, there were multiple eyewitnesses interviewed at the scene, and Schimandle admits he put C.G. in a "bear hug", which satisfies the physical contact element of a battery

7

under Illinois law. Taken together, these allegations make clear that Det. Duehning had probable cause to support an arrest warrant because Schimandle's complaint explicitly lays out the elements of a battery. *Abbott*, 705 F.3d at 715; *Woods*, 234 F.3d at 996. Therefore, there is no claim for false arrest because Schimandle's own allegations show that there was probable cause for an arrest. *Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause is an absolute defense to a §1983 claim for false arrest under the Fourth Amendment). This is particularly true when the video recordings presented to the Court establish probable cause. *See Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). "A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); *see also Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 587 (7th Cir. 2001).

Schimandle argues that Det. Duehning submitted affidavits containing false statements and material omissions because the affidavits stated that Schimandle "knowingly and without authority made physical contact causing bodily harm with C.G." FAC, Exh. A1–A4. Ignoring that legal authority is an affirmative defense to battery, *McBride*, 576 F.3d at 707, Schimandle argues that Det. Duehning "knew or should have known Mr. Schimandle did in fact have 'authority' to make physical contact to briefly restrain and remove C.G." FAC ¶¶ 33, 35, 37, 39. Apparently, Schimandle believes that his version of events is the only acceptable interpretation of the incident with C.G., and because Det. Duehning's affidavits did not

unequivocally adopt Schimandle's version and defenses, the affidavits must have been based on fabrications. Merely because Schimandle disagrees with Det. Duehning's assessment of the incident does not support a claim that Det. Duehning falsified his affidavits. *McBride*, 576 F.3d at 707 (the Fourth Amendment does not impose a duty on an officer to investigate whether a defense is valid).[5]

### b. Qualified Immunity

Det. Duehning is also entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court not only can address qualified immunity based on the pleadings, but sometimes must grant qualified immunity at this stage. *Doe v. Vill. Arlington Heights*, 782 F.2d 911, 916 (7th Cir. 2015). Even assuming probable cause did not exist, then *arguable* probable cause existed, which entitles Det. Duehning to qualified immunity. *Fleming v. Livingston Cnty., Ill.*, 674 F.3d 874, 879 (7th Cir. 2012).

### c. State Law Claims

Schimandle also brings a state law claim for malicious prosecution against Det. Duehning, and state law claims against the DeKalb County Sheriff's Office for respondeat superior and indemnification. Probable cause is a complete bar to a supplemental-state law claim of malicious prosecution. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). Because the Court has already found that probable cause existed, in its discretion, the Court also enters judgment against Schimandle

---

[5] Schimandle places great reliance on *People v. De Caro*, 17 Ill. App. 3d 553 (1st Dist. 1974). That reliance is misplaced for many reasons, including that the decision was based on Illinois law that is no longer applicable. In 1974, Illinois law allowed for corporal punishment but no longer does. *See* 105 ILCS § 5/24-24.

on this claim, too. *Doe*, 782 F.3d at 920. Because no claims exist against Det.

Duehning, there is no basis for liability under respondeat superior or for

indemnification. So, those claims are dismissed as well.

## IV. CONCLUSION

For the above reasons, the Defendants' motion for judgment on the pleadings is

granted. Civil case terminated.


Date: May 16, 2023

_____
Honorable Iain D. Johnston
United States District Judge